H. L. NEUMAN CO. AND ITS AFFILIATED CORPORATION, YORK ICE & MILK CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18348.   Promulgated May 13, 1929.

*C. L. Turner, C. P. A.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

534

OPINION.

SIEFKIN: The only question is whether section 331 of the Revenue Act of 1921 is applicable to the facts. In February, 1919, the petitioner, which had been organized in January, 1919, received from H. L. Neuman the assets of the ice, ice cream and dairy products business formerly conducted by him as an individual and issued to him $199,800 par value of its capital stock in full payment. The other two shares were sold by the corporation to E. W. Neuman and J. W. Neuman for cash at $100 per share. Immediately thereafter, on the same day, the certificate made out to H. L. Neuman was canceled and new certificates were issued, 2 shares to H. L. Neuman, and 998 shares each to E. W. Neuman and J. W. Neuman. This was done

to effect a prior agreement between H. L. Neuman and his sons by which they were to buy him out. They gave their father their notes, secured by bonds, and the stock was held by their father as collateral.

On this state of facts the petitioner contends that 50 per centum or more of the interest or control did not remain with the same person (H. L. Neuman) who formerly owned the business. That contention is based primarily on the assumption that interest or control did not *remain* in H. L. Neuman, and was never, for practical purposes, in him, since it was understood that the sons were to have control.

We do not believe that section 331 requires a construction that the momentary ownership of nearly all the stock in the corporation by the owner of the predecessor business is enough to make the section applicable. It reads:

That in the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them * * *.

We do not believe the word " remains," as used by Congress, is to be construed as applying to a state of facts in which the person who receives the stock has entered into a definite agreement to have such stock reissued to others and who carries out such agreement coincident with the issuance to him of the stock. In *W. A. Sheaffer Pen Co.*, 9 B. T. A. 842, relied on by the respondent, the interval between receipt of the stock by the former holders of the property and their disposition of such stock was nearly a year. We said:

Here, the stockholders of the old company lawfully came into possession of all the issued stock of the new, with no obligation on their part unperformed. Their subsequent disposition of stock, both as to time and amount, was entirely discretionary.

So we held section 331 applicable. But in this proceeding there was a definite obligation unperformed, i. e., the immediate transfer of the stock to others. We consider that the interest or control did not " remain " in H. L. Neuman.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN, MARQUETTE, PHILLIPS, and MURDOCK dissent, being of the opinion that the facts are within section 331. See *Shipowners & Merchants Tugboat Co.*, 4 B. T. A. 403.